UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 4:23-cv-00004 |
| v. | )<br>) |
| CYNTHIA COLLINS, as Personal Representative of THE ESTATE OF TYLER JOHN COLLINS, Deceased, LISA JOAN LAMIE, and LACEY RAINWATER, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, State Farm and Fire Casualty Company ("State Farm"), by counsel, for its Complaint for Declaratory Judgment against Defendants, Cynthia Collins, as Personal Representative of The Estate of Tyler John Collins, Lisa Joan Lamie, and Lacey Rainwater, states as follow:

**PARTIES AND VENUE**

1.  This is a civil action for declaratory relief brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and Ind. Code § 34-14-1, *et seq*., for the determination of a controversy between State Farm and Defendants, Lisa Joan Lamie ("Lamie"), Lacey Rainwater ("Rainwater") (Lamie and Rainwater may collectively be referred to as the "Underlying Defendants"), and Cynthia Collins, as Personal Representative of The Estate of Tyler John Collins (the "Underlying Plaintiff"), which arises out of an insurance contract issued by State Farm to the Underlying Defendants in Indiana.

2.  Lamie is domiciled in Indiana and is therefore a citizen of Indiana.

1

3. Rainwater is domiciled in Indiana and is therefore a citizen of Indiana.

4. The Underlying Plaintiff is domiciled in Indiana and is therefore a citizen of Indiana.

5. State Farm is an insurance company incorporated under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois. State Farm is therefore a citizen of Illinois.

6. Jurisdiction is proper under 28 U.S.C.A. § 1332(a)(1). There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper under 28 U.S.C.A. § 1391(b)(1). All defendants are located in this district, and the incident giving rise to this action took place in Lafayette, Tippecanoe County, Indiana.

**BACKGROUND**

8. State Farm issued a Condominium Unitowners Policy, number 14-C2-E533-2, with effective dates of April 16, 2021 to April 16, 2022 (the "Policy,") to Lamie. A true and accurate copy of the Policy is attached as *Exhibit A*.

9. At all times relevant, Lamie owned the residential property at 3319 Lenehan Lane, Unit 7, Lafayette, Indiana (the "Residence").

10. At all times relevant, Rainwater was Lamie's daughter who resided with Lamie at the Residence.

11. On or about May 26, 2021, Rainwater invited Tyler John Collins (the "Decedent") over to the Residence, and the Decedent died from a fentanyl overdose.

12. On July 29, 2022, the Underlying Plaintiff filed a lawsuit in the Tippecanoe County Superior Court under Cause No. 79D01-2207-CT-000107 (the "Underlying Lawsuit") against the Underlying Defendants and others. A true and accurate copy of the Amended Complaint from the Underlying Lawsuit is attached as *Exhibit B*.

13. The Underlying Lawsuit alleges that Rainwater offered the Decedent a controlled substance that she knew or should have known was laced with fentanyl.

14. The Underlying Plaintiff alleges that as a result, the Underlying Defendants were negligent, grossly negligent, and reckless, causing the Decedent's death.

15. The Underlying Lawsuit seeks damages for loss of love and companionship, and other compensable damages, including, but not limited to, funeral and burial costs, attorney fees, litigation expenses, and other administration costs.

16. State Farm now seeks an order determining coverage for the Underlying Lawsuit.

## THE STATE FARM POLICY

17. The State Farm Policy contains the following provisions:

**DEFINITIONS**

    3. "***bodily injury***" means bodily injury, sickness or disease sustained by a person. This includes required care, loss of services, and death resulting therefrom.

\*\*\*

    11. "***insured***" means:

        a.    [Lamie];

        b.    ***your relatives***;…

\*\*\*

    15. "***occurrence***", when used in Section II of this policy, means an accident, including accidental exposure to conditions, which first results in:

        a. ***bodily injury***; or

3

  b. *property damage*;

during the policy period…

17. "*relative*" means any person related to [Lamie] by:

  a. blood;…

## SECTION II – LIABILITY COVERAGES

### Coverage L – Personal Liability

If a claim is made or a suit is brought against an *insured* for damages because of *bodily injury* or *property damage* to which this coverage applies, caused by an *occurrence*, *we* will
1. pay up to [State Farm's] limit of liability for the damages for which the "insured" is legally liable…

\*\*\*

### Coverage M – Medical Payments to Others

[State Farm] will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing "bodily injury"…

## SECTION II – EXCLUSIONS

1. Coverage L and Coverage M do not apply to:

  a. *bodily injury* or *property damage* that:

   (1) was a result of a:

    (a) willful and malicious; or

    (b) criminal;

  act or omission of the *insured*;

  (2) was intended by the *insured*; or

  (3) would have been expected by the *insured* based on a reasonable person standard…

  Exclusions a.(1), a.(2), and a.(3) above apply to all *bodily injury* or *property damage* even if the:…

  (2) *bodily injury* or *property damage* was of a different kind, quality, or degree than was expected or intended;…

  (4) *insured* was not charged with or convicted of a criminal act or omission; or

    (5) *insured* was impaired by drugs or alcohol.

  \*\*\*

 l. *bodily injury* or *property damage* arising out of the use, sale, manufacture, distribution, delivery, transfer, or possession, by any *insured*, of any substance that is illegal or is a controlled substance under either federal or state law…

## COUNT I

18. State Farm incorporates its allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. Under the Policy, liability coverage under Coverage L is only afforded for *bodily injury* or *property damage* to which the coverage applies, caused by an *occurrence*.

20. The Underlying Lawsuit does not allege *property damage*.

21. An *occurrence* is defined as "an accident, including accidental exposures to conditions, which first result in *bodily injury*."

22. The Underlying Lawsuit alleges that Rainwater offered the Decedent a controlled substance that she knew or should have known was laced with fentanyl.

23. Therefore, the Underlying Lawsuit does not allege an "accident."

24. Therefore, the Underlying Lawsuit does not allege an *occurrence* as that term is defined under the Policy.

25. State Farm seeks a judicial declaration that State Farm owes no duty to defend or indemnify Rainwater under the Policy because the Underlying Lawsuit does not allege an *occurrence*.

## COUNT II

26. State Farm incorporates its allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. Under the Policy, medical payments coverage under Coverage M is only afforded for necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing *bodily injury*.

28. As previously stated, the Underlying Lawsuit does not allege an "accident."

29. Therefore, there is no coverage under Coverage M for the allegations contained in the Underlying Lawsuit.

30. State Farm seeks a judicial declaration that State Farm owes no medical payments coverage to the Underlying Plaintiff under the Policy because the Underlying Complaint does not allege an accident.

## COUNT III

31. State Farm incorporates its allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. The Policy excludes from Coverage L and Coverage M damages for *bodily injury* that was a result of a willful and malicious or criminal act or omission of the *insured*; was intended by the *insured*; or either intended by Rainwater or would have been expected by Rainwater using a reasonable person standard (the "Expected or Intended Injury Exclusion").

33. In the event that the Court determines there was an *occurrence*, the Expected or Intended Injury Exclusion nevertheless precludes coverage.

34. The Underlying Lawsuit alleges that Rainwater offered the Decedent a controlled substance that she knew or should have known was laced with fentanyl.

35. State Farm seeks a judicial declaration that State Farm owes no duty to defend or indemnify Rainwater or provide medical payments coverage to the Underlying Plaintiff because

the allegations contained in the Underlying Lawsuit are excluded from Coverage L and Coverage M under the Expected or Intended Injury Exclusion.

### COUNT IV

36. State Farm incorporates its allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. The Policy excludes from Coverage L and Coverage M damages for *bodily injury* arising out of the use, sale, distribution, delivery, transfer, or possession, by any *insured*, of any substance that is illegal or is a controlled substance under either federal or state law (the "Controlled Substances Exclusion").

38. In the event that the Court determines there was an *occurrence*, the Controlled Substances Exclusion nevertheless precludes coverage.

39. The Underlying Lawsuit alleges that Rainwater offered the Decedent a controlled substance that she knew or should have known was laced with fentanyl.

40. State Farm seeks a judicial declaration that State Farm owes no duty to defend or indemnify the Underlying Defendants or provide medical payments coverage to the Underlying Plaintiff because the allegations contained in the Underlying Lawsuit are excluded from Coverage L and Coverage M under the Controlled Substances Exclusion.

WHEREFORE, State Farm Fire and Casualty Company prays that judgment be entered in its favor and against Defendants Cynthia Collins, as Personal Representative of The Estate of Tyler John Collins, Lisa Joan Lamie, and Lacey Rainwater, declaring that:

1. State Farm does not owe a duty to defend and indemnify Rainwater in the Underlying Lawsuit filed by the Underlying Plaintiff because the Underlying Lawsuit does not

allege an *occurrence* and is therefore not a covered loss under Coverage L of the Policy;

2. State Farm does not owe the Underlying Plaintiff medical payment coverage under Coverage M of the Policy because the Underlying Lawsuit does not allege an accident;

3. Alternatively, State Farm does not owe a duty to defend and indemnify Rainwater or to provide the Underlying Plaintiff medical payment coverage in the Underlying Lawsuit because the allegations in the Underlying Lawsuit are precluded by the Expected or Intended Injury Exclusion; and

4. State Farm does not owe a duty to defend and indemnify the Underlying Defendants or to provide the Underlying Plaintiff medical payment coverage in the Underlying Lawsuit because the allegations in the Underlying Lawsuit are precluded by the Controlled Substances Exclusion.

Respectfully submitted,

Dated: January 11, 2023

*/s/ Dennis F. Cantrell*
Dennis F. Cantrell, #10794-49

*/s/ Charles J. Niblick*
Charles J. Niblick, #32703-49

*Attorneys for Plaintiff, State Farm Fire and Casualty Company*

STOLL KEENON OGDEN PLLC
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204
Telephone:   (317) 464-1100
Facsimile:    (317) 464-1111
Email:          dennis.cantrell@skofirm.com
                   chuck.niblick@skofirm.com